20434. WESTERN & ATLANTIC RAILROAD *v.* ALLGOOD.

DECIDED MAY 14, 1930.

*Morris, Hawkins & Wallace,* for plaintiff in error.
*Hewlett & Dennis, Lindley W. Camp,* contra.

LUKE, J.   A. C. Allgood brought his action for damages against Western & Atlantic Railroad for $10,000 for the alleged negligent killing of his minor son at a railroad crossing in the City of Marietta.   The petition contained two counts, the first predicated upon the negligence preceding the collision between the automobile in which plaintiff's son was riding and defendant's train, and the second upon negligence alleged to have occurred after the automobile had been struck by said train.

On September 26, 1929, the defendant demurred generally and specially to each count of the petition.   On February 8, 1930, the plaintiff having amended both counts of his petition to meet the demurrer, the court passed the following order:   "The plaintiff having amended his petition, and the within demurrer having been renewed to the petition as amended, it is  .  .  adjudged that the within demurrer be and the same is hereby overruled upon each and every ground thereof."   The only exception is to "this said order and judgment of the court."   Subsequently, and, so far as the record shows, without objection, the plaintiff amended his petition by striking count 2 therefrom in its entirety and substituting in lieu thereof another count denominated "count 2."   On the filing of this last amendment the court passed this order:   "Read, allowed subject to demurrer, and ordered filed.   This 15th day of February, 1930."   The original demurrer was not renewed to count 2 as last amended, and no new demurrer thereto was filed.

In his brief counsel for the plaintiff in error states that the amendment of February 8, 1930, met the demurrer to count 1, and that "this brief will be confined to the ruling on the demurrers interposed to the second count of the petition." Since the questions raised as to count 1 of the petition were abandoned for the admitted reason that the amendments had perfected that count, and count 2 was subsequently amended materially, and no objections were made to the count as amended, there is no question for this court to decide. In these circumstances we are constrained to hold that the motion made in this court to dismiss the writ of error is well taken.

*Writ of error dismissed. Broyles, C. J., and Bloodworth, J., concur.*